CARL KROB

*v.*

GLENN STRAUB'S, INC.

(No. 14592)

Decided March 11, 1980.

*Bailey, Byrum & Vieweg and John Preston Bailey* for appellant.

No appearance for appellee.

PER CURIAM:

In this proceeding the appellant, Carl Krob, contends that the Circuit Court of Ohio County erred in dismissing his action against Glenn Straub's, Inc., a corporation, on the ground that there had been defective service of process. It is the appellant's position that the corporation, by appearing generally before a magistrate, waived all defects in service. We agree with his contention.

On November 14, 1977, the appellant filed suit against the appellee corporation in the Magistrate Court of Ohio County. Two days later, a deputy sheriff served process in the case upon William Lewis, the corporation's sales manager. Without contesting the service the corporation filed an answer and later appeared generally at the trial of the case. At the conclusion of the trial the magistrate awarded the appellant judgment. The corporation appealed the magistrate's decision to the Circuit Court of Ohio County and moved for a dismissal on the ground that there had been insufficient service of process. The court conducted a hearing on the motion to dismiss and, on March 6, 1977, granted the motion and entered the order from which the appellant now appeals.

In *Layne v. Ohio River Company*, 35 W.Va. 438, 14 S.E. 123 (1891), we held that to take advantage of a defect in the summons or return in a case it was necessary for a defendant to appear specially for the purpose of challenging the summons or return. We concluded that if he appeared generally, whether to move for a continuance or for any other purpose, he would be regarded as hav-

ing waived all defects in the writ or the return. In Syllabus Point 4 of the same case, we said:

"A defendant who has waived all objections to the summons and return in the justice's court, by appearing there and submitting to a trial, cannot, on appeal to the circuit court, take advantage of any defect in the writ or return, either by motion to quash or by a plea in abatement."

Cf. *Kester v. Kester*, 106 W.Va. 615, 146 S.E. 625 (1929), and *Blankenship v. Kanawha & M. Ry. Co.*, 43 W.Va. 135, 27 S.E. 355 (1897).

The legal questions presented in the case before us are identical to those raised in *Layne, supra*. Although *Layne* was decided before conversion of our justice of the peace system into the magistrate system, the operative legal principle enunciated in Syllabus Point 4 of *Layne* has not been altered. In accordance with the holding of that syllabus point we conclude that Glenn Straub's, Inc., by appearing generally in the magistrate court, waived all defects in service of process and could not properly on appeal to the circuit court have taken advantage of those defects. The circuit court, in permitting the corporation to take advantage of those defects, and in granting the motion to dismiss, erred.

Therefore, the judgment of the Circuit Court of Ohio County is reversed; the order dismissing the case is set aside; and the case is remanded for further development.

*Reversed and remanded.*